IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM KELLER, DEBRA KELLER,
and PEGGY BYRGE, individually and on
behalf of all others similarly situated                                    PLAINTIFFS

v.                                  Case No. 4:14-cv-04002

FCOA, LLC d/b/a FOREMOST
INSURANCE COMPANY                                                          DEFENDANT

### ORDER

     Before the Court are the Motion to Lift Stay for a Limited Purpose (ECF No. 62); Motion of

Putative Class Counsel to Withdraw (ECF No. 63); and Motion of Jack W. Gooding to Intervene as

Party Plaintiff (ECF No. 64).  None of these Motions are opposed.  The Court finds these matters

ripe for its consideration.

     The Court has granted the parties' request for a stay to allow certain matters to be addressed

by the Bankruptcy Court in regard to their Chapter 13 Bankruptcy.  (ECF No. 61).  The Court will

lift the stay for the limited purpose of ruling on the motions herein.

     Plaintiffs William J. Keller and Debra D. Keller ("the Kellers") filed a voluntary petition for

relief under Chapter 13 of Title 11 on April 19, 2012.  Jack W. Gooding ("the Trustee") is the

Chapter 13 Trustee appointed to administer the Chapter 13 bankruptcy case.  The Kellers' claims

in this lawsuit against FCOA, LLC is the property of the bankruptcy estate.  The Trustee asserts that

his request to intervene satisfies the requirements of Federal Rule of Civil Procedure 24(a)(2).  Rule

24 permits a party to intervene of right if the movant "claims an interest relating to the property or

transaction that is the subject of the action, and is so situated that disposing of the action may as a

practical matter impair or impeded the movant's ability to protect its interest, unless existing parties

adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  The Trustee has a statutory duty to

monitor and investigate the financial matters of the debtors to ensure their performance under the plan. 11 U.S.C. § 1302(b). He also claims an economic interest since any monetary recovery would be property of the bankruptcy estate, and disposition of the action without his involvement would impede his ability to protect the estate's interest. The Kellers would not adequately represent the estate's interest, as they have an interest in their personal benefit rather than the benefit of the estate. Additionally, under Federal Rule of Civil Procedure 24(b)(1)(B), the Court may permit the Trustee to intervene because the claim or defense asserted shares with the main action a common question of law or fact. For these reasons, Jack W. Gooding, as Trustee of the Keller's Chapter 13 bankruptcy estate, is permitted to intervene in this action.

In the Plaintiff's Motion to Withdraw, putative class counsel has requested to withdraw as attorney for the Plaintiffs William Keller and Debra Keller. The Trustee has proceeded with negotiating settlement of the Kellers' claims on behalf of the bankruptcy estate without contacting putative class counsel. By telephone, putative class counsel provided to the Court the following contact information for the Kellers: 4908 Ware Road, Texarkana, Arkansas 71854; (870) 772-2168. Upon consideration, the Court finds that the motion to withdraw should be granted.

Accordingly, the Motion to Lift Stay for Limited Purpose (ECF No. 62) is **GRANTED** for the limited purpose of ruling on the motions ruled upon by this Order. The Motion to Intervene as Party Plaintiff by Jack W. Gooding as Trustee (ECF No. 64) is **GRANTED**. The Motion of Putative Class Counsel to Withdraw as Attorney for William Keller and Debra Keller (ECF No. 63) is also **GRANTED**. All attorneys referred to as "putative class counsel," including D. Matt Keil; George L. McWilliams; James M. Pratt, Jr.; Jason Earnest Roselius; John C. Goodson; William B. Putman; A.F. (Tom) Thompson, III; Jack Austin Mattingly, Jr.; Kenneth (Casey) Castleberry; Matthew L.

Mustokoff; R. Martin Weber, Jr.; Richard E. Norman; Richard A. Russo, Jr.; Stephen C. Engstrom; W.H. Taylor, Stevan Vowell, and Tanner Hicks, are relieved as attorneys of record for Plaintiffs William Keller and Debra Keller.  The Kellers are ordered to notify the Court within thirty (30) days from the entry of this Order whether they intend to proceed pro se in this matter or with new counsel. If the Kellers fail to respond, the Court will assume that they are proceeding pro se.  The Clerk of the Court is directed to mail a copy of this order to the Kellers along with a Manual for Pro Se Litigants.

      **IT IS SO ORDERED**, this 15th day of October, 2015.

                              /s/ Susan O. Hickey
                              Susan O. Hickey
                              United States District Judge