IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM KELLER, DEBRA KELLER,
and PEGGY BYRGE, individually and on
behalf of all others similarly situated                                          PLAINTIFFS

v.                                      Case No. 4:14-cv-04002

FCOA, LLC d/b/a FOREMOST
INSURANCE COMPANY                                                            DEFENDANT

**<u>ORDER</u>**

Before the Court is Defendant's Motion for Judgment on the Pleadings, (ECF No. 41), Plaintiffs' response in opposition (ECF No. 46), and Defendants' reply.  (ECF No. 47).  The Court has also considered Plaintiffs' Motion for Leave to File Amended Complaint.  (ECF No. 45).  Defendant has responded in opposition to this motion.  (ECF No. 49).  For the reasons stated herein, Plaintiffs' Motion for Leave to File an Amended Complaint should be DENIED, and Defendant's Motion for Judgment on the Pleadings should be GRANTED.

I.  Background

Defendant seeks dismissal of Plaintiff Peggy Byrge's claims.  The named Plaintiff Peggy Byrge ("Byrge"), was under a homeowner's insurance policy issued by the Defendant Foremost Insurance Company ("Foremost").  Byrge suffered a covered loss to her insured property on March 4, 2008.  On April 12, 2008, Foremost estimated the cost to repair the property at $2,145.92, a total that included the cost of labor and materials.  Foremost paid the Byrge the "actual cash value" of their loss, which was $1,002.36 after subtracting depreciation and the amount of the deductible.  The depreciated amount included both the cost of labor and materials.  Byrge, in her Complaint, argues that Arkansas law prohibits an insurance company from depreciating the cost of labor.  Therefore, by depreciating

this cost, Byrge claims that Foremost (1) breached its contract and (2) was unjustly enriched.

## II.  Motion for Judgment on the Pleadings

### A.  Standard

For a Motion for Judgment on the Pleadings, the Court applies the same legal standard as it does for a Motion to Dismiss under Rule 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief "above the speculative level" that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In deciding a Rule 12(b)(6) motion, courts are required to accept all of the complaint's well-pled allegations as true and resolve all inferences in the plaintiff's favor.  *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933 n.4 (8th Cir. 2012).

### B. Discussion

The Court will assess Defendant's Motion for Judgment on the Pleadings using its Complaint as originally filed in state court in Miller County, Arkansas.[1]  Defendant has requested the Court dismiss this claim pursuant to Federal Rule of Civil Procedure 12(c).  Specifically, Defendant asserts that Plaintiff's breach of contract claim is barred as a matter of law by the applicable five-year limitations period, and Plaintiff's unjust enrichment claim is barred as a matter of law by the applicable three-year limitations period.  Defendant asserts that these holdings are consistent with rulings recently issued by this Court in other labor depreciation cases containing identical fraudulent concealment allegations.

Under Arkansas law, a breach of contract claim arising out of a written contract is subject to

---

[1]The Court finds that an amendment to the Complaint to plead more specific allegations of fraud would be futile, as discussed, *infra*.

2

a five-year statute of limitations.  Ark. Code. Ann. § 16-56-111(b); *Chalmers v. Toyota Motor Sales, USA Inc.*, 935 S.W.2d 258, 261 (Ark. 1996).  Unjust enrichment carries a three-year statute of limitations. Ark. Code. Ann. § 16-56-105.  These statutes begin running on the date the breach or injury occurs, not when it is discovered, unless the limitations period is tolled.  *Chalmers*, 326 Ark. at 901.  Both breach of contract and unjust enrichment, as alleged by the Plaintiff, would have occurred at the time Foremost allegedly required the Plaintiff to pay more than what she should have paid in accordance with the contract, which was in April 2008.  Because more than five years passed from that time until this action was filed in November 2013, both the breach of contract and unjust enrichment claims should normally be dismissed due to the running of the limitations period for such claims.

However, the applicable statutes of limitations may be tolled on the basis of fraudulent concealment.  Once it is clear from the face of the complaint that an action is barred by an applicable statute of limitations, the burden shifts to the Plaintiff to prove that the limitation period was in fact tolled.  *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880-81 (8th Cir. 2011) (citing *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010) (applying Arkansas law)).  In order to toll a limitation period on the basis of fraudulent concealment, there must be: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." *Paine*, 594 F.3d at 992 (quotation omitted).

This Court finds that the Plaintiff's allegations of Defendant's failure to disclose the Plaintiff's rights under Arkansas law is not the type of "affirmative and fraudulent act[] of concealment" required to toll statutes of limitations in Arkansas.  The "classic language on point" in Arkansas regarding fraud sufficient to toll the statute of limitations is as follows:

No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one

3

> who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in a way that it conceals itself.

*Wilson v. GECAL*, 311 Ark. 84, 841 S.W.2d 619 (1992) (citations omitted). In her Complaint, Plaintiff asserts that she reasonably and justifiably relied on Defendant's representations that she had received all that she was entitled to recover under her policies. She alleges that Defendant had a duty to disclose to her that she was entitled to recover the full cost of labor necessary to repair or replace her property. While the Plaintiff has pled that the Defendant's actions were dishonest, there is no allegation in the Complaint of anything that was so "furtively planned and secretly executed" that would prevent Plaintiff from discovering the cause of action within the limitations period because it was "perpetrated in a way that it conceals itself." Therefore, Plaintiff fails to sufficiently plead fraud required to toll the statute of limitations in Arkansas.

Alternatively, Plaintiff's allegations are insufficient to toll the statue of limitations because they fail to allege when and how the fraud was discovered. "Fraud suspends the running of the statute of limitations . . . until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Martin v. Arthur*, 3 S.W.3d 684, 687 (Ark. 1999) (quotation omitted). Part of the Plaintiff's burden is to plead that she could not, with the exercise of reasonable diligence, have discovered the alleged unlawful conduct earlier, as well as affirmatively plead when and how the fraud was discovered. *See Summerhill*, 637 F.3d at 880-81 (citing *Wood v. Carpenter*, 101 U.S. 135, 140-41 (1879) ("If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner. . . . The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence.")).

4

Plaintiff's conclusory allegation that "[b]ecause of Defendant's actions, Plaintiff[] and other Class Members could not have known they had been underpaid on their claims through the exercise of due diligence" does not reveal why they could not discover the fraud, when it was discovered, or the manner by which it was discovered.  There is no demonstration of why the exercise of diligence would not have revealed the fraud within the limitations period.  In fact, Plaintiff alleges that it is consistent with "longstanding legal principles[] that materials are subject to depreciation while labor is not." (ECF No. 3 ¶23).  Additionally, by failing to allege when and how she discovered Foremost's alleged fraud, Plaintiff has failed to plead sufficient facts to demonstrate that fraudulent concealment would toll the time period sufficiently to save her otherwise time-barred claims.  *See Summerhill*, 637 F.3d at 880-81; 51 Am. Jur.2d Limitation of Actions § 184 ("One may not avoid the effect of the statute of limitations on the ground of fraudulent concealment if he or she fails to plead or offer evidence as to when he or she discovered the alleged fraud.").

Accordingly, Defendant's Motion for Judgment on the Pleadings (ECF No. 42) should be granted.[2]

## III.  Motion for Leave to Amend

Plaintiff has requested that she be granted leave to file her First Amended Complaint to conform her complaint to the federal pleading requirements and to address deficiencies alleged by Defendant in its Motion for Judgment on the Pleadings by more sufficiently alleging fraud.[3]  Defendant

---

[2]Defendant also requests the Court award attorney's fees under Federal Rule of Civil Procedure 54(d)(2).  They cite 28 U.S.C. § 1927.  However, the Court finds that Plaintiff has not acted unreasonably such that the Court should not follow the American Rule, that each party is responsible for his own fees and costs.

[3]The Motion for Leave to Amend was filed on behalf of Plaintiff Byrge as well as Plaintiffs William Keller and Debra Keller.  Since the filing of the Motion, the Kellers' claims have been dismissed.  Accordingly, the Court will analyze this motion with respect only to Plaintiff Byrge's claims.

asserts that Plaintiff's proposed amendment would be futile, Plaintiff has been dilatory in seeking leave to amend, and permitting an amendment at this stage would delay resolution of this matter.

The Federal Rules of Civil Procedure instruct the Court to grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2). This is a lenient standard. There is, however, no absolute right to amend a pleading. *Becker v. Univ. of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999) (citing *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 224 (8th Cir. 1994)). Leave should be denied where there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* at 907-08 (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

Defendant asserts that Plaintiff's proposed amendment would be futile because (1) Plaintiff has not alleged any facts demonstrating Byrge's exercise of reasonable diligence, nor when and how she learned of Defendant's alleged fraud; and (2) Byrge's fraudulent concealment argument depends on the existence of a duty to speak that is not supported by Arkansas law.

Whether an amendment in this case would be futile turns on whether Plaintiff has alleged sufficient facts in the Amended Complaint to support a claim for fraud in Arkansas which would toll the statute of limitations period. Defendant asserts that even if Plaintiff has viable claims for breach of contract or unjust enrichment, their proposed Amended Complaint does not cure the limitations bar for those claims. Specifically, Defendant asserts that Plaintiff has not alleged facts demonstrating the exercise of reasonable diligence nor has she alleged when she learned of Foremost's alleged fraud. The Court agrees that Plaintiffs' proposed Amended Complaint would be futile.

In order to toll a limitation period on the basis of fraudulent concealment, Plaintiff must allege

in the Amended Complaint facts supporting the following: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." *Paine*, 594 F.3d at 992 (quotation omitted).

To survive, Plaintiff's Amended Complaint must allege how and when the fraud was discovered. "Fraud suspends the running of the statute of limitations . . . until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Martin v. Arthur*, 3 S.W.3d 684, 687 (Ark. 1999) (quotation omitted). Plaintiff must allege facts to demonstrate that she could not, with the exercise of reasonable diligence, have discovered the alleged unlawful conduct earlier, as well as affirmatively plead when and how the fraud was discovered. *See Summerhill*, 637 F.3d at 880-81 (citing *Wood v. Carpenter*, 101 U.S. 135, 140-41 (1879); *see also Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) ("To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.").

Plaintiff alleges that she was unaware that she had a claim or even the possibility of a claim until consulting with counsel and having their estimate reviewed on July 19, 2013. She asserts that she was incapable of discovering the fraud by the exercise of reasonable diligence before consulting an attorney. There is no demonstration of why the exercise of diligence would not have revealed the fraud within the limitations period. In fact, Plaintiff alleges that the information was readily available to the insurance company. She offers no explanation as to why she waited a period of over five years to request a copy of the documents. She has not shown the Court any facts which lead the Court to believe that, through the exercise of reasonable diligence, that she could not have discovered the claim

7

earlier.  The Court agrees with Defendant that the statute of limitations is not tolled until the time Plaintiff consulted an attorney.  *See Wright v. Heyne*, 349 F.3d 321, 331 (6th Cir. 2003) ("We reject Plaintiffs' argument that the three-year limitation period is tolled until the plaintiff consults with an attorney and learns from the attorney that he has a claim for breach of ERISA fiduciary duties" . . . "[i]f the statute were tolled until an attorney informs the plaintiff that he or she has an ERISA claim, a plaintiff could delay accrual of a claim simply by waiting before consulting an attorney").  Plaintiff has failed to demonstrate both that she could not, with the exercise of reasonable diligence, have discovered the alleged unlawful conduct earlier, and has failed to affirmatively plead facts which demonstrate when and how the fraud was discovered.

Accordingly, the Court finds that an amendment to the Complaint would be futile and Plaintiff's Motion for Leave to Amend the Complaint should be denied.

### IV.  Conclusion

For the reasons stated herein, the Court finds that the Plaintiff's Complaint falls outside of the statute of limitations, and thus all claims are time-barred.  Additionally, Plaintiff's attempt to cure through a proposed Amended Complaint would be futile.  Accordingly, Defendant's Motion for Judgment on the Pleadings (ECF No. 41) is hereby **GRANTED**, Plaintiff's Motion for Leave to Amend (ECF No. 45) is hereby **DENIED**, and this case is **DISMISSED** in its entirety.

**IT IS SO ORDERED**, this 8th day of January, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

8