IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM KELLER, DEBRA KELLER,
and PEGGY BYRGE, individually and on
behalf of all others similarly situated                                                         PLAINTIFFS

v.                                      Case No. 4:14-cv-04002

FCOA, LLC d/b/a FOREMOST
INSURANCE COMPANY                                                                          DEFENDANT

**ORDER**

Before the Court is the parties' Joint Motion to Modify Protective Orders. (ECF No. 69). The Court, after reviewing the terms of the protective order, finds that the parties' Motion should be **GRANTED**. Pursuant to Federal Rule of Civil Procedure 26(c) and by the Agreement of the parties, the Protective Order is as follows:

1.  The transcripts and exhibits from the depositions of Michael Oei and Collin Cheesman, dated April 7, 2015 and March 3, 2015 respectively, may be retained by counsel of record for the Plaintiffs in the suit styled David Braden and Dale Brown, individually and on behalf of all others similarly situated v. Foremost Insurance Company Grand Rapids, Michigan, Case No. 4:15-cv-04114-SOH, in the United States District Court for the Western District of Arkansas - Texarkana Division (the "Braden Suit"). Retention of these materials shall have no effect on the extent to which use of such materials may be permitted under the Federal Rules of Civil Procedure.

2.  The transcripts and exhibits from the depositions of Michael Williams and Hans Bloem, taken February 26, 2015 and February 27, 2015, respectively, may be retained by counsel of record for Plaintiffs in the Braden Suit, but may only be used by them in the Braden Suit upon leave of Court sought by way of a regularly-noticed motion.

3.  In place of the spreadsheets Bates labeled Frmst_Keller031416 and Frmst_Keller-31415, Foremost Insurance Company Grand Rapids, Michigan ("Foremost") will

provide copies of each in the Braden Suit with the information removed for (a) all Farmers Insurance Exchange claims and (b) Foremost claims with a date of loss prior to November 21, 2008. The copies provided in the Braden Suit will otherwise contain the same data as the earlier versions. Counsel of record for the Plaintiffs in the Braden Suit will have seven (7) days following receipt to compare the two versions and to provide notice to Foremost's counsel of any discrepancies. In the absence of such notice, or within seven (7) days of curing any deficiencies, counsel of record for Plaintiffs in the Braden Suit shall return any and all copies of the spreadsheets Bates labeled Frmst_Keller031416 and Frmst_Keller-31415 to Foremost's counsel, or destroy all such copies and certify that destruction in writing.

4. In place of the sample claim files for Foremost claims with dates of loss of Nov. 21, 2008 or later which were previously produced in this action, Foremost will provide copies of the same files in the Braden Suit which are marked with both the original Keller Bates numbers and new Bates numbers specific to the Braden Suit.

5. In the event that Plaintiffs in the Braden Suit propound discovery requests that would require production of other documents previously produced in this action, Foremost will produce the same files in the Braden Suit bearing both the original Keller Bates numbers and new Bates numbers specific to the Braden Suit.

6. With respect to the deposition transcripts, exhibits and/or documents to be retained and/or produced in the Braden Suit as described in paragraphs 1 through 5 above, the Plaintiffs in the Braden Suit and their counsel of record agree to continue to treat those designated as Classified Information as if subject to all the restrictions and obligations set forth in this Court's previously-entered protective orders [Dkts. 32 and 36], until such time as a similar protective order is entered by the Court in the Braden Suit and such materials will thereafter be subject to the

protective order(s) entered in the Braden Suit.

7. Except as set forth above, Byrge and all of Byrge's counsel of record in this action shall comply with the provisions for return or destruction of Classified Information set forth in Paragraph 18 of the Agreed Protective Order (ECF No. 32) herein on or before March 25, 2016.

8. Except as set forth above, all of the provisions of the previously-entered protective orders (ECF Nos. 32 & 36) remain in full force and effect.

**IT IS SO ORDERED**, this 8th day of April, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge